McCook Cooperative Building & Savings Association, appellee, v. James J. Gragg et al., appellees: R. Whitmer, appellant.

Filed April 17, 1931. No. 27693.

*Perry, Van Pelt & Marti* and *Butler & James,* for appellant.

*Cordeal, Colfer & Russell, Kelley & Kelley* and *C. H. Boyle, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

Plaintiff commenced this suit to foreclose a 4,000-dollar mortgage on lots 10, 11, and 12, block 26, in the first addition to McCook. The mortgage was dated March 2, 1923, and recorded March 3, 1923. The McCook Cooperative Building & Savings Association, plaintiff, is the mortgagee. The mortgagors are James J. Gragg and Dollie A. Gragg, defendants. John E. Kelley and R. Whitmer are also defendants. Kelley filed a cross-petition for the foreclosure of an 8,000-dollar mortgage on the same lots, executed by the Graggs March 3, 1923, and recorded March 8, 1923. Claiming a lien superior to plaintiff's and Kelley's Whitmer, in a cross-petition, pleaded an 8,000-dollar mortgage executed by the Graggs, in favor of the Citizens State Bank of McCook, dated August 29, 1922, and recorded July 10, 1923, alleged he had succeeded to the rights of the bank and prayed for a foreclosure. Whitmer in his pleadings traced his title from the bank in the following manner: From July 25, 1923, to August 24, 1929, Van E. Peterson was receiver of the Citizens State Bank of McCook, mortgagee. In a suit begun by the receiver December 13, 1927, to foreclose the bank's mortgage, he procured a decree for $9,060, purchased the lots at sheriff's sale thereunder for $9,000, had the sale and sheriff's deed confirmed, sold the lots or the fee to Whitmer and executed therefor a receiver's deed pursuant to orders of the district court. Whitmer alleged further that plaintiff and Kelley were not parties to the receiver's foreclosure suit and that the bank's mortgage was and still is the first

lien. The order in which the liens attached was put in issue by formal pleadings of the adverse parties. Upon a trial of the cause the district court established liens in the following order: Plaintiff, first lien, $5,449.83; Kelley, second lien, $8,108.83; Whitmer, claim of $9,688.17, subject to first and second liens with right to redeem. In reaching these conclusions the trial court found, upon consideration of the evidence and surrounding circumstances, that the lien of the mortgage acquired by the receiver merged in the deed to him under the former foreclosure and that the fee or the equity of redemption passed to Whitmer by a deed executed by the receiver. Whitmer alone appealed.

In the appellate court there is no controversy between plaintiff and Kelley. Each contends his lien is superior to that of Whitmer as decreed by the trial court. On the question of merger, Whitmer states his position as follows:

"Where real property is sold under a decree of foreclosure of a mortgage, and the holder of a mortgage lien junior to that of the prior mortgage is not made a party to the proceedings and is not concluded thereby, the lien of the prior mortgage does not merge in the legal title of the purchaser for the benefit of the junior lienholder."

In this connection reference is made to cases applying the following rule: It will be presumed that the intention of a prior lienholder was to preserve the lien against intervening claims and that merger will not ensue where the best interests of the prior lienholder require preservation of the lien. Merger in the present instance was not thus defeated. The proper inference from the entire record is that the receiver had no intention of keeping the bank's mortgage lien in force in spite of his foreclosure and the subsequent conveyances based thereon. The bank's mortgage was extinguished by merger in the fee. The decree of the district court responds to the demands of equity. These conclusions make the discussion of other questions unnecessary.

AFFIRMED.